JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JACQUELINE GAMEZ, an individual,<br><br>Plaintiff,<br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Delaware corporation; CHIPOTLE SERVICES, LLC, a Colorado corporation; CHIPOTLE MEXICAN GRILL SERVICE, a business entity of unknown form; CHIPOTLE MEXICAN GRILL, a business entity of unknown form; CHIPOTLE, a business entity of unknown form; CHRISTINA COLE, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | **CASE NO. 2:17-cv-01157-SVW-JPR**<br><br>**ORDER GRANTING MOTION TO REMAND [24]** |

**I.  INTRODUCTION**

Plaintiff seeks to remand an employment disability discrimination, wrongful termination and labor code violation case to state court, arguing that the removal was not timely and the amount in controversy does not meet the $75,000 minimum threshold required for a federal case.

For the reasons stated below, this Court **GRANTS** Plaintiff's motion to remand.

1

## II. FACTUAL BACKGROUND

Plaintiff alleges that she was employed by Defendants as a food preparer between 2004 and May 27, 2015. Dkt 23. In late April of 2014, Plaintiff claims to have sustained hand injuries while working, resulting in a disability. Dkt. 11-1, Ex. K at 7. Plaintiff's doctor instructed certain work restrictions for Plaintiff, including approximately six months of no lifting more than 10 pounds and a break every 50 minutes. *Id.* Plaintiff contends that a manager named Jorge Martinez refused to allow her to take 10 minute breaks for every 50 minutes of work. *Id.* When Plaintiff's doctor lifted the restrictions, Plaintiff had continued pain in her hands. *Id.* Plaintiff then requested to change positions, but claims that a manager Raquel Palaox ignored her request. *Id.*

Around May 2015, Plaintiff alleges that manager Cole implemented a "no Spanish" policy in the Chipotle branch where Plaintiff was employed. *Id.* at 8. Plaintiff reported the policy to human resources because she believed it was in violation of the law. *Id.* As a result, Plaintiff contends that Cole reduced Plaintiff's hours from her normal 40 hours per week to 12 hours per week. *Id.* Plaintiff unsuccessfully protested the hour reduction. *Id.*

Plaintiff further alleges that Cole intended to ostracize her by rejecting Plaintiff's offer to aid a new employee, and instead instructed a different employee to aid the new employee. *Id.* Plaintiff alleges that Cole instructed other employees to surveil Plaintiff to ensure compliance with the "no Spanish" policy, and that she reprimanded Plaintiff for saying "salud" instead of "bless you" to a coworker who sneezed. *Id.* Plaintiff also claims unfair criticism by Cole, and that Cole texted other managers not to contact Plaintiff for assistance nor provide her with work-related courtesies. *Id.* at 9.

Plaintiff requested a transfer to another store. *Id.* Cole refused, saying she received complaints from other employees that Plaintiff did not work well with others. *Id.*

Plaintiff claims Cole told Plaintiff there would be consequences if she complained to a manager outside the store, and Plaintiff could quit her job if she was unhappy. *Id.* at 10. Plaintiff was terminated from her employment on May 27, 2015. *Id.*

### III. PROCEDURAL BACKGROUND

On July 28, 2016, Plaintiff Jacqueline Gamez ("Plaintiff") filed this action against Defendants Chipotle Mexican Grill, Inc., Chipotle Services, LLC, Chipotle Mexican Grill Service, Chipotle Mexican Grill, Chipotle, and Christina Cole ("Cole"), in Los Angeles County Superior Court (collectively, "Defendants"). Dkt.1.

In her complaint, Plaintiff advances eight claims under California law: (1) Discrimination in Violation of Gov't Code §§12940; (2) Harassment in Violation of Gov't Code §§12940; (3) Retaliation in Violation of Gov't Code §§12940; (4) Failure to Prevent Discrimination in Violation of Gov't Code §§12940; (5) Failure to Provide Reasonable Accommodation in Violation of Gov't Code §§12940; (6) Failure to Engage in Good Faith Interactive Process in Violation of Gov't Code §§12940; (7) Wrongful Termination in Violation of Public Policy; and (8) Retaliation under Cal. Labor Code §§1102.5, 1102.6. Dkt.1.

On September 16, 2016, Defendant Cole filed a Demurrer and Motion to Strike Portions of Plaintiff's Complaint. Dkt. 1. On October 7, 2016, Plaintiff filed a First Amended Complaint, which dropped all of the claims asserted against Cole, with the exception of Plaintiff's cause of action for Harassment. *Id.* On November 10, 2016, Defendants filed a Demurer and Motion to Strike as to Plaintiff's First Amendment Complaint. *Id.* On December 16, 2016, the Court sustained the Demurrer on the ground that the First Amended Complaint was conclusory pled. *Id.* Plaintiff filed a Second Amended Complaint on December 27, 2016. On January 12, 2017, Defendant Cole applied *ex parte* to dismiss the entire action against her. On January 12, 2017, the Court held that Plaintiff's Second Amended Complaint was stricken and gave Plaintiff two days to file a Third Amended Complaint. On January 13, 2017, Plaintiff filed a Third Amended Complaint.

On February 13, 2017, Defendants removed the case to this Court. On February 17, 2017, Defendant filed a Motion to Dismiss the Second Cause of Action for Harassment. Dkt. 11. On March 20, 2017, this Court dismissed the Second Cause of Action against Defendants pursuant to FRCP 12(b)(6) and Plaintiff was granted leave to file an amended complaint. On April 10,

2017, Plaintiff filed a Fourth Amended Complaint. Dkt. 23. The Fourth Amended Complaint does not include a claim against Cole.

On March 15, 2017, Plaintiff filed a motion to remand the case back to state court. Dkt. 17. On March 27, 2017, Defendants filed an opposition to Plaintiff's motion to remand. Dkt. 27. On April 3, 2017, Plaintiff filed a reply memorandum in further support of Plaintiff's motion to remand. Dkt. 22.

**IV. PRESENT MOTION**

Plaintiff moves to remand to state court, alleging that removal was improper because the removal was not timely and the amount in controversy is below the $75,000 threshold. *See* dkt. 17 at 1. Plaintiff alleges that Defendant's Notice of Removal was untimely because the action was not removed within 30 days after first learning that the case was removable.

Defendant objects to Plaintiff's assertion that that removal was untimely. Dkt. 20 at 3. They claim that removal is only required within 30 days where the initial pleading reveals grounds for removal. *Id.* If, however, certain details are obscured or omitted, Defendant has 30 days from the revelation that there are grounds for removal. *Id.* Defendants argue that Plaintiff omitted and misstated factual details from both the original Complaint and the First Amended Complaint in connection with her harassment claim against Cole. *Id.* Due to these omissions and misstatements, Defendant argues that, it was impossible to ascertain whether a valid cause of action could be stated against Cole or whether Cole was fraudulently joined until Plaintiff provided factual details in her Third Amended Complaint, which was filed on January 13, 2017. *Id.* Therefore, Defendants claim that Notice of Removal was timely because they filed on February 13, 2017. *Id.* at 8.

**V. LEGAL STANDARDS**

A. *Timely Notice of Removal*

Federal courts have jurisdiction over all civil matters if the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is diversity of citizenship. 28

4

U.S.C. §1332(a)(1). Civil actions brought in a state court may be removed to federal court if the action could have originally been filed in federal court. 28 U.S.C. §1441(a).

Notice of removal of a civil action or proceeding must be filed within 30 days from the receipt of the complaint, setting forth the claim upon which such proceeding is based. 28 U.S.C. § 1446(b)(1).

The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The Ninth Circuit has held that "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

## VI. ANALYSIS

*A. Timely Notice of Removal*

Plaintiff moves to remand this case on the grounds that removal was not timely. Defendants oppose this motion and argue that it was not possible to ascertain whether there was a valid case against Cole or whether Cole was fraudulently joined until Plaintiff's Third Amended Complaint, which was served on January 13, 2017. *See* dkt. 20 at 8. This Court does not find Defendants' argument persuasive.

The test for fraudulent joinder is, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "[F]raudulent joinder can be ascertained at the outset. Either the complaint states a claim that possibly may be cognizable against the purported sham defendant or it does not." *Simpson v. Union Pac. R.R. Co.*, 282 F. Supp.2d 1151, 1157 (N.D. Cal. 2003).

Defendants' claim that the Plaintiff's complaint was conclusory pled. *See* dkt. 20 at 5. Further, Defendants filed a Demurrer and Motion to Strike Portions of the Complaint on

September 16, 2016. However, given Defendant's claim that the complaint lacked such basic information, Defendants could have ascertained fraudulent joinder from the complaint itself. "It is not necessary to wait until the fraudulently joined defendant has tested the claims against it in state court and succeeded in defeating them on a motion to dismiss or demurrer." *Simpson*, 282 F. Supp.2d 1151 at 1157. Therefore, Defendants should have filed the notice of removal within thirty days of receiving the complaint.

Further, Defendants are unable to cite a case that supports their position that removal is proper after a Plaintiff has amended the complaint but maintains the same causes of action. Any doubt as to whether removal is proper must be construed in favor of remand. *Duncan*, 76 F.3d at 1485. This Court finds that defendants did not timely file their notice of removal. Therefore, this court declines to address whether the amount in controversy is met in this case.

**I. CONCLUSION**

Defendants have not shown by a preponderance of the evidence that this Court has subject matter jurisdiction. Defendants' notice of removal was not timely and therefore, this Court declines to discuss whether the amount in controversy meets the $75,000 minimum threshold required for a federal case. Accordingly, this Court does not have subject matter jurisdiction to hear this case, and Plaintiff's motion to remand to state court is **GRANTED**.

IT IS SO ORDERED

Date: April 20, 2016

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE